# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERREK PANNELL, | No. 4:19-CV-00867 |
| Petitioner, | (Judge Brann) |
| v. | |
| D.K. WHITE, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 18, 2019

**I.   BACKGROUND**

In 2008, Derrek Pannell was convicted by a jury of conspiracy to rob a United States Post Office, in violation of 18 U.S.C. § 371, armed robbery of a United States Post Office, in violation of 18 U.S.C. § 2114(a), and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1]  Pannell appealed his convictions and sentence arguing, inter alia, that the district court lacked subject matter jurisdiction because the United States did not own the land upon which the post office that Pannell robbed was situated.[2]  The United States Court of Appeals for the Second Circuit affirmed the district court's judgment.[3]

---

[1]   *United States v. Pannell*, 321 F. App'x 51, 53 (2d Cir. 2009).

[2]   *Id.*

[3]   *Id.* at 55.

Pannell then filed a 28 U.S.C. § 2255 motion, asserting that his trial counsel was ineffective in various ways; that motion was denied on the merits.[4]

Pannell has now filed a 28 U.S.C. § 2241 petition with this Court in which he argues that his constitutional rights were violated by his criminal prosecution.[5] Specifically, Pannell asserts that the district court lacked subject matter jurisdiction because his criminal actions did not occur on federal lands and jurisdiction was never established by a jury.[6]

## II. DISCUSSION

Although federal law generally requires that, when evaluating a § 2241 petition, district courts "issue an order directing the respondent to show cause why the writ should not be granted," courts need not do so if "it appears from the application that the applicant or person detained is not entitled thereto."[7] Thus, "a district court is authorized to dismiss a [§ 2241] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."[8]

---

[4] *Pannell v. United States*, No. 1:10-CV-05166-NG, 2014 WL 1478847 (E.D.N.Y. Apr. 15, 2014)

[5] Doc. 1.

[6] *Id.*

[7] 28 U.S.C. § 2243.

[8] *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996) (internal quotation marks omitted).

Pannell challenges his criminal conviction, not his conditions of confinement.[9] Although Pannell brings this challenge in a § 2241 petition, "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences."[10] Thus, "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'"[11]

As the United States Court of Appeals for the Third Circuit has explained, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."[12] "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."[13] As such, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."[14]

---

[9] Doc. 1.

[10] *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002).

[11] *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) (quoting 28 U.S.C. § 2255(e)).

[12] *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).

[13] *Id.*

[14] *Id.* at 539.

Accordingly,

> [The Third] Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a claim of actual innocence on the theory that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. And second, the prisoner must be otherwise barred from challenging the legality of the conviction under § 2255. Stated differently, the prisoner has had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued.[15]

The Savings Clause of § 2255 is jurisdictional; if a petitioner improperly challenges his federal conviction under § 2241 when the underlying claim does not fit within the Savings Clause, the petition must be dismissed.[16]

When evaluated under this standard, it is clear that Pannell's claim does not fit within the Savings Clause, and this Court therefore lacks jurisdiction to consider his § 2241 petition. First, Pannell makes no claim of actual innocence, but merely asserts that the wrong sovereign prosecuted him for his crimes. Second, Pannell's § 2241 petition does not rely on any intervening court decisions that would cast

---

[15] *Bruce*, 868 F.3d at 180.

[16] *See id.* at 183 (noting the jurisdictional nature of the Savings Clause inquiry).

doubt upon his factual—or even legal—guilt. Third, Pannell does not assert that a § 2255 motion is inadequate to test the legality of his conviction; rather, he seems to bring his challenge under § 2241 only because he previously filed a § 2255 motion and is now barred by procedural rules from bringing this challenge in a second § 2255 motion. Finally, not only did Pannell have an "earlier opportunity to challenge his conviction,"[17] but he raised a substantially identical claim in his direct appeal.[18] Because Pannell's claim does not fit within the narrow exception afforded by the Savings Clause, this Court does not have jurisdiction over his § 2241 petition, and it must be dismissed.[19]

Finally, the Court notes that, even if Pannell's claim did fall within the Savings Clause, the Second Circuit has already considered and rejected Pannell's claim.[20] The Second Circuit noted that, although the United States did not own the land upon which the United States Post Office was located, "[f]ederal jurisdiction is properly predicated on the fact that 'the stolen property in fact belonged to the

---

[17] *Id.* at 180.

[18] *Pannell*, 321 F. App'x at 53.

[19] *See Arrington v. Bledsoe*, 497 F. App'x 176, 179 (3d Cir. 2012) (affirming dismissal of § 2241 petition because petitioner "had multiple opportunities to challenge his sentence, and any errors inherent in the District Court's judgment would have been plain at the time it was imposed; they have not arisen from intervening changes in the law nor any extraordinary circumstances" (brackets and internal quotation marks omitted)).

[20] *Pannell*, 321 F. App'x at 53-54.

5

[federal] Government.'"[21]  For the reasons stated by the Second Circuit, this Court agrees that federal jurisdiction was properly exercised in charging and convicting Pannell of violating 18 U.S.C. § 2114(a), and his claim would fail on its merits.

## III. CONCLUSION

Pennell's claim does not fit within 28 U.S.C. § 2255(e)'s Savings Clause, and this Court therefore lacks jurisdiction over his petition.  Consequently, Pannell's petition must be dismissed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[21]  *Id.* at 53 (quoting *United States v. Jermendy,* 544 F.2d 640, 641 (2d Cir. 1976)).